# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| JAMIE WHITTEMORE, on her own behalf and on behalf of similarly situated others,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No.: 2:24-cv-00206-LEW |

**DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

    I.      PLAINTIFF HAS NOT PLED A DISABILITY. ....................................................1

    II.     PLAINTIFF HAS NOT PLED DISCRIMINATION. ............................................5

CONCLUSION.......................................................................................................................7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arroyo-Ruiz v. Triple-S Mgmt. Grp.*,
  206 F. Supp. 3d 701 (D.P.R. 2016) ............................................................................4

*BNSF Ry. Co. v. Feit*,
  281 P.3d 225 (Mont. 2012) ........................................................................................2

*Carreras v. Sajo, García & Partners*,
  596 F.3d 25 (1st Cir. 2010) ....................................................................................3, 4

*Cavanaugh v. IDEXX Lab'ys, Inc.*
  2024 WL 2724195 (D. Me. May 28, 2024) ...............................................................4

*Cook v. State of R.I. Dep't of Mental Health, Retardation, & Hosps.*,
  10 F.3d 17 (1st Cir. 1993) ......................................................................................2, 3

*E.S. by & through R.S. v. Regence BlueShield*,
  2024 WL 1173805 (W.D. Wash. Mar. 19, 2024) *reconsideration denied*,
  2024 WL 2250249 (W.D. Wash. May 17, 2024) .......................................................5

*E.S. v. Regence BlueShield*,
  2022 WL 279028 (W.D. Wash. Jan. 31, 2022) ..........................................................6

*Equal Emp. Opportunity Comm'n v. Citizens Bank, N.A.*,
  2023 WL 2456641 (D.R.I. Mar. 10, 2023) ................................................................4

*Fuog v. CVS Pharmacy, Inc.*,
  2021 WL 4355402 (D.R.I. Sept. 24, 2021) ................................................................7

*James D. Julia, Inc. v. Dan Morphy Auctions, LLC*,
  2021 WL 2535941 (D. Me. June 21, 2021) ...............................................................4

*Johnson v. Whole Foods Mkt. Grp., Inc.*,
  657 F. Supp. 3d 158 (D. Me. 2023) ...........................................................................5

*Kadel v. Folwell*,
  100 F.4th 122 (4th Cir. 2024) ....................................................................................7

*Loper Bright Enters. v. Raimondo*,
  144 S. Ct. 2244 (2024) ...............................................................................................3

*Mendez v. Brown*,
  311 F. Supp. 2d 134 (D. Mass. 2004) ........................................................................2

*Nedder v. Rivier Coll.*,
   908 F. Supp. 66 (D.N.H. 1995)..................................................................................2

*Ramos-Echevarría v. Pichis, Inc.*,
   659 F.3d 182 (1st Cir. 2011)..................................................................................3, 4

*Richardson v. Chi. Transit Auth.*,
   926 F.3d 881 (7th Cir. 2019) ...................................................................................2

*Schmitt v. Kaiser Found. Health Plan of Wash.*,
   965 F.3d 945 (9th Cir. 2020) ...................................................................................6

*Shine v. N.Y.C. Hous. Auth.*,
   2020 WL 5604048 (S.D.N.Y. Sept. 18, 2020)..........................................................4

*Taylor v. Burlington N. R.R. Holdings, Inc.*,
   444 P.3d 606 (2019).................................................................................................2

*Tirrell v. Edelblut*,
   2024 WL 4132435 (D.N.H. Sept. 10, 2024).............................................................6

*Valtierra v. Medtronic Inc.*,
   934 F.3d 1089 (9th Cir. 2019) .................................................................................3

*Yarde v. Keeler*,
   2024 WL 343503 (D. Mass. Jan. 30, 2024).............................................................4

Defendant Cigna Health and Life Insurance Company ("Cigna"), by and through counsel, respectfully submits this Reply in support of its Motion to Dismiss Plaintiff's Complaint.

## INTRODUCTION

Plaintiff's Opposition focuses on public policy to advocate for mandatory insurance coverage for expensive weight loss drugs. But Plaintiff brings a disability discrimination claim based on her allegation that obesity is a disability, and what is missing from Plaintiff's brief is any attempt to grapple with the long list of courts cited in Cigna's Motion to Dismiss that have held obesity without an accompanying physiological disorder is not a disability. Nor does Plaintiff explain how an exclusion in her prescription drug benefits for weight loss drugs for *all* plan members could be discriminatory under any theory. Thus, the Complaint should be dismissed.

## I. PLAINTIFF HAS NOT PLED A DISABILITY.

***Obesity is not an impairment without an accompanying physiological disorder.*** Cigna's Motion demonstrated that the overwhelming weight of authority holds that obesity alone—without being the result of a physiological disorder—is not a disability and cannot support a discrimination claim like Plaintiff's. (Mot. at 7–8 (citing cases from Second, Sixth, Seventh, and Eighth Circuits).) Rather than address this law, Plaintiff buries a footnote arguing that these cases were not decided under the ACA and are therefore distinguishable. (Opp. at 9, n.10.) This distinction is meaningless, however, because the standard for an impairment is the same under the Rehabilitation Act and ADA as it is under the ACA, and none of Plaintiff's cases say otherwise. (*Compare* Mot. at 10–11 (citing cases), *with* Opp. at 9 (citing *King v. Burwell*, 576 U.S. 473, 492–93 (2015) (involving tax credits for participants in federal exchanges)).)

Backpedaling, Plaintiff tries to distract from her failure to plead an impairment. First, Plaintiff's Opposition cites medical literature to suggest that doctors view obesity itself as a physiological condition, but courts have recognized what the medical community thinks and what

1

is necessary to show discrimination are two different things. (Mot. at 9.) Indeed, if obesity was a physiological disorder standing alone, then "all obesity would be an ADA impairment" leading to a result where "all obese individuals—found to be as high as 39.8% of the American adult population—automatically have an ADA impairment[.]" *Richardson v. Chi. Transit Auth.*, 926 F.3d 881, 891 (7th Cir. 2019). So while Plaintiff says in a footnote that she "does not argue that obesity is a *per se* disability" (Opp. at 10, n. 12), *Richardson* recognizes that, under Plaintiff's logic, this is precisely what would result. 926 F.3d at 891.

Second, Plaintiff's Opposition primarily relies on the thirty-year old decision in *Cook v. State of R.I. Dep't of Mental Health, Retardation, & Hospitals*, 10 F.3d 17, 21 (1st Cir. 1993) to argue that the First Circuit is the only one to hold that obesity is an impairment without need to show an underlying physiological condition.[1] (Opp. at 2–3.) But as explained in Cigna's Motion, *Cook* did not decide this legal question. *See Richardson*, 926 F.3d at 892–93. The court only held that it was not improper for the jury to find that the plaintiff had severe, morbid obesity, and had shown **her** obesity had a physiological cause. 10 F.3d at 23. In contrast here, Plaintiff argues that obesity alone is sufficient to show an impairment, and no court has read *Cook* to support that proposition, including several district court decisions in the First Circuit. (Mot. at 10).

Plaintiff also argues these cases were wrongly decided, and other First Circuit cases have "closely followed *Cook*." (*See* Opp. at 9.) Not so. *See Mendez v. Brown*, 311 F. Supp. 2d 134, 141 (D. Mass. 2004) (recognizing that "[e]xcept in rare circumstances, obesity is not considered a disabling impairment"); *Nedder v. Rivier College*, 908 F. Supp. 66, 74–75 n.8 (D.N.H. 1995)

---

[1] Plaintiff also cites two state Supreme Court decisions interpreting state anti-discrimination laws, (Opp. at 9), but neither is relevant here. *See, e.g.*, *Taylor v. Burlington Northern Railroad Holdings, Inc.*, 444 P.3d 606, 617 (2019) (the Washington statute "is broader than its federal counterpart"); *BNSF Railway Co. v. Feit*, 281 P.3d 225 (Mont. 2012) (was decided before the greater consensus among federal Circuit Courts).

2

(assuming arguendo morbid obesity may be an impairment, but that "*Cook* is instructive, yet not dispositive, on the issue of morbid obesity as an 'impairment', due to the nature of appellate review in that case as well as its underlying merits"). Thus, *Cook* does not save Plaintiff's claim.

Third, Plaintiff offers an interpretation of the EEOC guidance that a plaintiff may show an impairment if she has obesity *or* a physiological condition. But Plaintiff does not even cite a case to support this interpretation, only an amicus brief from the EEOC (Opp. at 9–10). Ironically, Plaintiff ignores that in the case where the amicus was offered, *Valtierra v. Medtronic Inc.*, 934 F.3d 1089 (9th Cir. 2019), the Ninth Circuit expressly took no position on the EEOC's interpretation, recognizing the contrary Circuit-level authority cited in Cigna's brief that rejected that interpretation. *Id.* at 1091 (citing cases). Plaintiff also ignores that the EEOC's position on what is an impairment under the statute is no longer accorded deference after the reversal of *Chevron*. *See Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244, 2273 (2024).

***Plaintiff has failed to plead that her obesity substantially limits a major life activity.*** In its Motion, Cigna showed that even if Plaintiff's obesity was an impairment, she failed to plead enough facts to show it "substantially limited" a major life activity. Plaintiff has two primary responses. First, Plaintiff argues that being diagnosed with obesity and prescribed a drug to treat it is enough to show that her obesity is substantially limiting. (Opp. 12.) But as Cigna already explained, the First Circuit has held that "[e]vidence of a medical diagnosis of impairment, standing alone, is insufficient to prove a disability." *Ramos-Echevarría v. Pichis, Inc.*, 659 F.3d 182, 187 (1st Cir. 2011); *Carreras v. Sajo, García & Partners*, 596 F.3d 25, 33 (1st Cir. 2010).

Plaintiff first responds to this case law by arguing that these cases were decided using the standards before the amendment to the ADA, and that a less "demanding" standard should be used. (Opp. at 10–11). But this is just misdirection, because subsequent cases in this Circuit, using the

3

amended ADA's more lenient standards, have relied on *Ramos-Echevarría* and *Carreras* for this exact point of law. *Equal Emp. Opportunity Comm'n v. Citizens Bank, N.A.,* 2023 WL 2456641, at * 7 (D.R.I. Mar. 10, 2023) (citing *Ramos-Echevarría* and *Carreras*, and holding that "it is insufficient merely to submit evidence of a medical diagnosis of an impairment[.]").

Plaintiff's Opposition also cites to distinguishable cases that involved situations where the limitations of the treatment itself showed the impairment was substantially limiting, like dialysis, *Arroyo-Ruiz v. Triple-S Management Group*, 206 F. Supp. 3d 701, 713–14 (D.P.R. 2016), or severe asthma that required an asthma machine, *Shine v. N.Y.C. Housing Authority*, 2020 WL 5604048, at *5 (S.D.N.Y. Sept. 18, 2020). These are nothing like the weight loss medications at issue here, even if, as Plaintiff now argues, a small number of people are actually diagnosed with obesity.[2]

Second, in response to Cigna's argument that Plaintiff's allegations that her obesity substantially limits her "walking, standing, and sleeping" are conclusory, Plaintiff again points to her medical diagnosis (Opp. at 13), but as explained above, this is not enough. Plaintiff also argues the cases Cigna cites (Mot. at 13), which hold that pleading obesity without supporting facts is insufficient, are distinguishable because Plaintiff's administrative appeal contains this information, but it doesn't. (*See* Compl., Ex. 6.) Finally, Plaintiff argues her obesity is chronic, but again none of the cases Plaintiff cites support such conclusory allegations to show an impairment is substantially limiting.[3]

---

[2] Plaintiff relies on articles not cited in the Complaint, (*see* Opp. at 12 (citing Adult Obesity Facts, CDC (May 14, 2024) and Prescriptions for Popular Diabetes and Weight-Loss Drugs . . ., CNN (Sept. 27, 2023)), which should be disregarded. *Yarde v. Keeler*, 2024 WL 343503, at *7 (D. Mass. Jan. 30, 2024).) Plaintiff argues the Court can take notice of these articles, but the cases Plaintiff cites involve situations where the **defendant** cited a document first. *See, e.g.*, *James D. Julia, Inc. v. Dan Morphy Auctions, LLC*, 2021 WL 2535941, at *7 (D. Me. June 21, 2021).
[3] *See, e.g.*, *Cavanaugh v. IDEXX Lab'ys, Inc.*, 2024 WL 2724195, at *8 (D. Me. May 28, 2024) (dismissing disability claim, but finding disability where plaintiff was forced to go on leave of medical absence due to depression and PTSD); *Arroyo-Ruiz*, 206 F. Supp. 3d at 712 (explaining

4

## II. PLAINTIFF HAS NOT PLED DISCRIMINATION.

***Plaintiff has not stated a claim for intentional discrimination.***  Plaintiff first argues that her benefit plan is facially discriminatory, but this is a red herring.  Plaintiff misleadingly conflates her prescription drug benefits, which excludes coverage for weight loss drugs for all plan members (Compl. ¶ 108, Ex. 3 at 59), and the medical benefits (Compl. Ex 3. at 44, 61), which cover certain medical and surgical treatments for clinically severe obesity, but excludes others.  Plaintiff admits the prescription drug exclusion, which applies here, is not facially discriminatory, (*see* Opp. at 16–17), so this argument is misleading and irrelevant.

Cigna's Motion also explained that Plaintiff's allegations are too general to plead deliberate indifference, particularly Plaintiff's allegations made on "information and belief."  (Mot. at 15.)  Plaintiff does not respond to this at all and instead argues that her conclusory allegations are enough because a finding of deliberate indifference is a "fact-bound inquiry."  (Opp. at 16.)  But, Plaintiff must still plead some facts showing that Cigna should have known it was "substantially likely" to violate the ACA's non-discrimination provisions, which Plaintiff hasn't done.  (Mot. at 15.)  None of Plaintiff's cases dispute this.  *See E.S. by & through R.S. v. Regence BlueShield*, 2024 WL 1173805, at *4–5 (W.D. Wash. Mar. 19, 2024) (finding "targeted enforcement" showing an intent to discriminate) *reconsideration denied*, 2024 WL 2250249 (W.D. Wash. May 17, 2024).

***Plaintiff has not stated a claim for proxy discrimination.***  Cigna explained that Plaintiff has not stated a claim for proxy discrimination because Plaintiff has not pled any facts that show the prescription weight loss exclusion disproportionately affects plan members with obesity (over inclusiveness), and Plaintiff has not pled any facts about what percentage of plan members would

---

that plaintiff experienced dizziness and collapse at work due to heart condition, and required frequent dialysis due to kidney illness); *Johnson v. Whole Foods Mkt. Grp., Inc.*, 657 F. Supp. 3d 158, 175–76 (D. Me. 2023) (plaintiff was forced to take leave of absence from work due to PTSD, and presented therapist certificate PTSD substantially limited his ability to work).

seek coverage for medical or surgical treatments as opposed to prescription drugs (under inclusiveness). (Mot. at 17–19.) Plaintiff's responses to these arguments do not have merit.

Plaintiff first argues she did not need to plead statistics to show the weight loss exclusion disproportionately affected obese plan members. (Opp. at 17–18.) But the two cases Plaintiff cites for this proposition are inapposite. (*Id*. at 17 (citing *Davis v. Commonwealth Election Commission*, 844 F.3d 1087 (9th Cir. 2016) (court found ancestry was a proxy for race discrimination)) and *Tirrell v. Edelblut*, 2024 WL 4132435, at *8 (D.N.H. Sept. 10, 2024) (biological sex was found a proxy for trans discrimination)). And the cases Cigna cited in its Motion recognized that while a Plaintiff does not have to plead statistics showing the proxy discrimination predominantly effects the disabled person, in benefits cases, like this one, the successful ones do. (Mot. at 17.)

At a minimum, though, a plaintiff must plead ***facts***, not conclusions, to survive a motion to dismiss. *E.S. v. Regence BlueShield*, 2022 WL 279028, at *9–10 (W.D. Wash. Jan. 31, 2022). Plaintiff argues there is a "strong correlation" between obesity and "those denied under the weight loss exclusion," (Opp. at 16–17), but this is not enough. (Mot. at 17 (citing *Smith v. Walgreens Boots All., Inc.*, 2024 WL 20063, at *2 (9th Cir. Jan. 2, 2024); *Schmitt v. Kaiser Found. Health Plan of Wash.*, 965 F.3d 945 (9th Cir. 2020)).) Citing *Schmitt,* Plaintiff also argues that the fact the exclusion of "weight loss medications" might impact some non-disabled individuals is irrelevant because "[o]verdiscrimination" is prohibited and identifying a "protected trait" is enough. (Opp. at 18.) But *Schmitt* held that a plaintiff must still plead facts showing a proxy "fit", which both the plaintiffs there and here failed to do. 965 F.3d at 959–60. In fact, Cigna showed that the exclusion does not target people diagnosed with obesity, because other groups, such as overweight people with certain conditions, are excluded as well. (Mot. at 17–18.) Plaintiff drops a footnote trying to downplay this (Opp. at 17 n.17), arguing one can "reasonably infer" these are

6

small percentages, but offers no support for that conclusion. The same goes for Plaintiff's attempt to avoid the under-inclusiveness problem, in which she argues that even though other efficacious treatments are available for obese plan members, the Court can reasonably infer that they are not a reasonable alternative because they may be invasive. (*See* Opp. at 18–19.) Not only do these arguments lack authority, but they are predicated on speculation.

Finally, Plaintiff argues the history, circumstance, and application of the exclusion supports proxy discrimination, but as explained above, these allegations are conclusory and assume Cigna should have known obesity was a protected class, which is not supported by the law.

***Plaintiff has not alleged a disparate impact discrimination claim.*** Cigna explained that a facially neutral policy cannot support a disparate impact claim when the policy denies *everyone* access, regardless of their disability status. (Mot. at 19–20.) Plaintiff argues that the principle does not apply here because it is "obvious" that Cigna enforcing the weight loss medication exclusion "will impact people with obesity more harshly than those without." (Opp. at 20.) Not only is this baseless, but it is ***not*** obvious the exclusion will impact people with obesity more than other groups, because the Complaint contains facts that show the prescription drug weight exclusion could apply equally to overweight and obese participants. *Cf. Kadel v. Folwell*, 100 F.4th 122, 147 (4th Cir. 2024) (barrier at issue would only affect targeted group). Plaintiff also argues that statistics are not needed to quantify the degree to which disabled people are affected (Opp. at 20), but Plaintiff has not even provided a starting point to evaluate or estimate what percentage of people impacted by the policy would be disabled, and thus the disparate impact claim fails. *See Fuog v. CVS Pharmacy, Inc.,* 2021 WL 4355402, at *4 (D.R.I. Sept. 24, 2021).

## CONCLUSION

For the foregoing reasons and the ones in Cigna's opening motion to dismiss brief, Cigna respectfully requests that this Court dismiss Plaintiff's Complaint.

Dated: October 10, 2024                    Respectfully submitted,

By:    */s/ Byrne J. Decker*
Byrne J. Decker
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
Two Monument Square, Suite 703
Portland, ME 04101
Telephone: (207) 387-2957
Facsimile:  (207) 387-2986
b.decker@ogletree.com

Richard W. Nicholson, Jr.*
Richard Diggs*
**McDERMOTT WILL & EMERY LLP**
One Vanderbilt Avenue
New York, NY 10017-3852
Telephone: (212) 547-5400
Facsimile:  (212) 547-5444
rnicholson@mwe.com
rdiggs@mwe.com

*Admitted *Pro Hac Vice*

Brett J. Boskiewicz*
**McDERMOTT WILL & EMERY LLP**
200 Clarendon Street, Floor 58
Boston, MA 02116-5021
Telephone: (617) 535-5989
Facsimile:  (617) 535-3800
bboskiewicz@mwe.com

*Admitted *Pro Hac Vice*

*Attorneys for Defendant Cigna Health and Life Insurance Company*

8

## CERTIFICATE OF SERVICE

    I hereby certify that on October 10, 2024, I electronically filed the foregoing **Reply in Support of Cigna's Motion to Dismiss Plaintiff's Complaint** with the Clerk of the Court using the Court's CM/ECF system, which will send notice of the filing to counsel of record.

                                                               */s/ Byrne J. Decker*
                                                               Byrne J. Decker