UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JAMIE WHITTEMORE, on her own behalf and on behalf of similarly situated others,<br><br>        Plaintiff<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>        Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No. 2:24-cv-00206-LEW |

## ORDER ON MOTION TO DISMISS

The Affordable Care Act contains a non-discrimination provision that states:

"[A]n individual shall not, on the ground prohibited under title VI of the Civil Rights Act of 1964, title IX of the Education Amendments of 1972, the Age Discrimination Act of 1975, or section 794 of Title 29, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance, including credits, subsidies, <u>or contracts of insurance</u> . . . .

42 U.S.C. § 18116 (emphasis added). These protections extend to disability discrimination. *See*, *e.g.*, 29 U.S.C. § 794(a).

The Plaintiff in this action, Jamie Whittemore, is a participant in a healthcare plan administered by the Defendant, Cigna Health and Life Insurance Company. She claims that the plan discriminates against her and all obese persons who participate in Defendant's healthcare plan, based on disability, because it does not provide prescription drug coverage

for commonly prescribed weight loss medications if the medications are prescribed solely to treat obesity.[1] In her class action counsels' words:

> As a result of Cigna's Obesity Exclusion, Ms. Whittemore and proposed class members do not have access to the prescription medications that they require to treat their disability and diagnosed health condition of obesity. At the same time, other enrollees have access to prescription medications that are medically necessary to treat their diagnosed health conditions, including the same or similar medications.

Compl.¶ 17.

The matter is before the Court on Defendant's Motion to Dismiss (ECF No. 19), which I grant for the several reasons set out in Defendant's Motion. More particularly, none of the allegations in Plaintiff's Complaint (ECF No. 1) plausibly support a finding that she is disabled merely as a function of her body mass index (BMI), let alone that every putative class member with a BMI of 30 or more is presumptively (*or as a matter of law*) disabled.[2] Nor does Plaintiff's Complaint include allegations that would support a finding, based on any facts, that Defendant has ever regarded her (or any member of the putative

---

[1] Defendant's Obesity Exclusion states an exception for "clinically severe obesity," which is covered. Compl. Ex. 3 at 60.

[2] This is an individualized inquiry.

> In assessing whether someone is disabled under the ADA, we must consider the impairment's effect on the particular individual. The limitation caused by the impairment must be permanent or long-term. Evidence of a medical diagnosis of impairment, standing alone, is insufficient to prove a disability. What is required is evidence showing that the impairment limits this particular plaintiff to a substantial extent.

*Ramos-Echevarria v. Pichis*, *Inc.*, 659 F.3d 182, 187 (1st Cir. 2011) (citation omitted). *See also Albertson's*, *Inc. v. Kirkingburg*, 527 U.S. 555, 566 (1999); *Lopez Santiago v. Med Centro*, *Inc.*, No. 23-cv-1206, 2023 WL 8809479, at *3 (D.P.R. Dec. 20, 2023). A so-called "obese" BMI score will for many individuals not even suggest a physical impairment, let alone a disability. A physician's willingness to prescribe a weight-loss medication does not dictate the answer, either.

class) as disabled.  Disability is an essential requirement of a disability discrimination claim, and without it Plaintiff fails to state a claim of disability discrimination under the Affordable Care Act.

The Motion to Dismiss (ECF No. 19) is GRANTED.  The case is DISMISSED.

SO ORDERED.

Dated this 12th day of February, 2025.

/s/ Lance E. Walker  
Chief U.S. District Judge