# United States Court of Appeals
## For the First Circuit

No. 25-1248

JAMIE WHITTEMORE, on her own behalf and on behalf of similarly situated others,

Plaintiff, Appellant,

v.

CIGNA HEALTH AND LIFE INSURANCE COMPANY,

Defendant, Appellee.

Before

Montecalvo, Lynch, and Thompson, Circuit Judges.

**JUDGMENT**

Entered: February 19, 2026

Plaintiff-Appellant Jamie Whittemore appeals the district court's order granting Defendant-Appellee Cigna Health and Life Insurance Company's ("Cigna") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Whittemore filed a putative class action lawsuit against Cigna, alleging disability discrimination under Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116 ("Section 1557").  She asserted that obesity was a disability and that Cigna discriminated against health insurance plan enrollees with a disability (i.e., obesity) by designing and administering plans that excluded coverage for weight-loss medications.  Cigna moved to dismiss, asserting, in part, that Whittemore "failed to plead [that] her obesity was a disability."  The district court granted Cigna's motion, holding that Whittemore's allegations failed to plausibly plead that: (1) she or the putative class members are disabled based on their body mass index ("BMI"); and (2) Cigna ever regarded her or any putative class member as disabled.[1]  We affirm the district court's decision -- but on different grounds.

Section 1557 provides that "an individual shall not . . . be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance" on the grounds prohibited under four

[1] Though Whittemore argues that BMI is just one of the factors considered when diagnosing an individual with obesity, she does not plead any facts suggesting that her obesity was diagnosed after her physician considered, among other factors, her BMI and, therefore, constitutes a disability as defined under the Americans with Disabilities Act.

federal nondiscrimination statutes. Id. § 18116(a). The prohibited ground relevant here stems from Section 504 of the Rehabilitation Act ("Section 504"), which proscribes discrimination "solely by reason of [an individual's] disability." 29 U.S.C. § 794(a). Section 1557 applies the enforcement mechanisms provided under Section 504. 42 U.S.C. § 18116(a). Thus, "the case law construing the Rehabilitation Act" applies to Whittemore's Section 1557 claim "for disability discrimination by a health care insurer" that receives federal funding. See Schmitt v. Kaiser Found. Health Plan of Wash., 965 F.3d 945, 954 (9th Cir. 2020); see also Francois v. Our Lady of the Lake Hosp., Inc., 8 F.4th 370, 378 (5th Cir. 2021) (recognizing that, "[f]or disability-discrimination claims, the [Affordable Care Act] incorporates" Section 504's "substantive analytical framework"); Doe v. BlueCross BlueShield of Tenn., Inc., 926 F.3d 235, 239 (6th Cir. 2019) (reaching a similar conclusion). Pleading a disability discrimination claim under Section 504 requires Whittemore to show: "(1) that she is disabled; (2) that she sought services from a federally funded entity; (3) that she was 'otherwise qualified' to receive those services; and (4) that she was denied those services 'solely by reason of her . . . disability.'" Lesley v. Hee Man Chie, 250 F.3d 47, 53 (1st Cir. 2001) (quoting 29 U.S.C. § 794(a)).

Section 504 incorporates the definition of "disability" from the Americans with Disabilities Act ("ADA"). See 29 U.S.C. § 705(9)(B). Under the ADA, "disability" is defined, in part, as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). Major life activities include "sleeping, walking, standing, lifting, bending, speaking, breathing, . . . and working." Id. § 12102(2)(A). "[M]ajor life activity also includes the operation of a major bodily function," such as the immune system or digestive, circulatory, and endocrine functions. Id. § 12102(2)(B). Whether the "'substantially limits' requirement has been satisfied calls for a comparison between the plaintiff's limitations and those of the majority of people in the general population." Mancini v. City of Providence ex rel Lombardi, 909 F.3d 32, 42 (1st Cir. 2018).

Here, even if Whittemore plausibly alleged that obesity is a physical impairment, she failed to allege sufficient facts to support an inference that her obesity substantially limits her major life activities. In her complaint, Whittemore alleged that her obesity "substantially limits the major life activities of walking, standing, and sleeping" and that her ability to perform such activities "is substantially limited when compared to most people in the general population." Such allegations are conclusory, merely reciting the major life activities under the ADA without providing any factual support about how Whittemore's limitations in performing those activities present for her or how such limitations are substantial when compared to most people in the general population. See generally 42 U.S.C. § 12102(1)(A), (2)(A). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not enough to survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Whittemore also alleged that "when a medical professional diagnoses obesity and prescribes ongoing medically necessary medications to treat it, obesity has reached the point of substantially limiting major life activities." In her complaint, Whittemore proffered general allegations about health complications obesity may cause or be associated with, such as respiratory issues, sleep impairments, walking or running limitations, diabetes, and hypertension. She relied on such associations to surmise that obesity substantially limits major bodily functions, such as one's "endocrine, musculoskeletal, respiratory[,] and cardiovascular systems." She alleged that

- 2 -

these limitations are present in all individuals diagnosed with obesity and prescribed medication to treat this condition.

But these general allegations do not plausibly support the inference that every individual diagnosed with obesity and prescribed medication to treat it, like Whittemore, suffers substantial limitations to their major life activities. Rather, these allegations merely outline obesity's potential impact on an individual's health. Thus, Whittemore failed to set forth adequate support for her allegations that her obesity substantially limits one or more major life activities. Accordingly, Whittemore has not plausibly alleged that she is disabled as required to state a claim for disability discrimination under Section 1557.

For these reasons, the district court's order dismissing Whittemore's case is **AFFIRMED.**

By the Court:

Anastasia Dubrovsky, Clerk

cc: Jeffrey Neil Young, Eleanor Hamburger, Richard E. Spoonemore, Anna P. Prakash, Kiese Hansen, Ari Robbins Greene, Byrne Joseph Decker, Richard W. Nicholson Jr., Richard D. Diggs, Brett J. Boskiewicz, Joshua B. Simon, Warren Haskel